IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT JOSEPH FIORE, II, )
)
       Plaintiff, )
)
       v. ) 1:15CV124
)
ROWAN COUNTY SHERIFFS )
DEPARTMENT, et al, )
)
       Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

     Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1.     Plaintiff has not named proper defendants. Plaintiff must name the persons who are actually responsible for the alleged violations of his constitutional rights. Plaintiff alleges that someone opened his legal mail outside his presence and names four Defendants. However, the factual portion of his Complaint does not allege that any of the Defendants opened his mail. In fact, he specifically states that he does not believe that the only Defendant he lists by name, Officer Pate, was the person who opened his legal mail. Instead, she simply delivered the mail and informed him it had been opened. She did not violate Plaintiff's rights in doing so.

2.     Plaintiff does not appear to state any viable claim for relief. His only allegation is an occurrence of his legal mail being opened outside his presence. This is the second such occurrence reported by Plaintiff. However, even if true, this does not state any claim for relief. A few isolated instances of improperly opened mail are not enough by themselves

to state a constitutional violation.  Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983).

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint.[1]  To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.  The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 19th day of May, 2015.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[1] The Court notes that Plaintiff appears to indicate that he did not exhaust his administrative remedies before filing this Complaint, although he makes a contradictory statement at the end of his explanation for not doing so.  (See Complaint [Doc. #2], § III.)  If he did not fully exhaust his administrative remedies, he must do so before refiling any Complaint.